McKinney, J.,
delivered the opinion of the court.
This was an action of ejectment. The lessor of the plaintiff claims title to the land described in the declaration, under an execution sale. The sheriff’s deed conveys the land to the lessor, who was the purchaser at the sale, by his proper name, Gideliah Hughes. The deed recites that said land was levied on and sold by virtue of an execution issued upon a judgment for $192 43, recovered by said Gideliah Hughes against one Creed Penn, before a justice of the peace, of Smith county, on the 16th of May, 1845, and that upon the papers in said cause being returned to the circuit court of said county, pursuant to the statute, said court proceeded to enter up judgment of condemnation, ordering said land to be sold in satisfaction of said judgment.
But in the transcript of the record of the circuit court, introduced on the trial, to support the deed, the name of the plaintiff in the judgment is not Gideliah but Gideon Hughes, and so it is in the justice’s warrant and execution, and also in the order of condemnation and writ of venditioni exponas.
The sheriff who executed the deed, and made the sale, was examined as a witness on behalf the plaintiff. He proved that he was the officer in whose hands the note, upon which the above mentioned judgment was recovered, ivas placed for collection — that the plaintiff had always been known and called by the name of Gid Hughes, but he had ascertained, before making the deed, that his proper name was Gideliah — • that the name, Gideon, in the warrant and other proceedings, was a mistake, but did not know how it happened, and that *331 Gideliah Hughes, the lessor of the plaintiff, was the person in whose favor said judgment was recovered.
The plaintiff also produced and read the record of a suit in equity brought by the defendant, Dice, against said Gideliah Hughes and others, the object of which was, to enjoin the further prosecution of this action of ejectment. In the bill, (which was sworn to,) he describes and sets forth the before mentioned judgment, of Hughes against Penn, as having been recovered by Gideliah Hughes — the issuance of execution, and levy and sale of the land, at the instance of said Gideliah — the execution of the sheriff’s deed, and the institution of the present action by him. The bill sought to enjoin the prosecution of this action of ejectment upon the ground, that he, said Dice, was a purchaser of the same land under a deed of trust executed byCreed Penn, and that a judgment and other proceedings of Hughes are fraudulent, and that the deed of trust constituted a lien upon said land prior to the lien of said Hughes. Said bill was dismissed upon the final hearing.
The object of the introduction of this record was to show, that, by the admissions therein contained, the defendant, Dice, was now estopped to insist upon the variance between the sheriff’s deed and the record of the judgment.
All the foregoing evidence, parol as well as record, was objected to by the defendant.
The circuit j udge was of opinion, and so instructed the jury, that the record of the judgment, execution, dec., did not support the sheriff’s deed — that the variance could not be explained, and that the defendant was not estopped to avail himself of the objection.
The jury found for the defendant, and a new trial being refused, the lessor of the plaintiff appealed in error to this court.
It is very clear that the names, Gidcon and Gideliah, are wholly different — and it is no less clear, that extrinsic evi *332 dence cannot be admitted to explain the mistake, or to show that they were intended to designate the same identical person. And if there were nothing more in the case, we would feel constrained to affirm, the judgment of the circuit court. But the objection is extremely technical, and if suffered to prevail in this case, would be productive of palpable injustice. We incline to the opinion, therefore, that the solemn admission of the defendant, made in his bill, ought to have the effect claimed for it by the plaintiff’s counsel. In applying this principle to this peculiar case, we are not to be understood as intending to infringe the principle, that extrinsic evidence is wholly inadmissible to explain or correct the mistake. We simply affirm, that, after his voluntary admission, on oath, of the truth of the case, in a j udicial proceeding, instituted with reference to this particular suit, he ought not now, in the same suit, to be heard to insist upon a mere technical objection, founded upon an hypothesis, false in fact, and in direct Contradiction of his solemn admission.
And in this view of the case alone, we deem it proper to reverse the judgment, and remand the cause for a new trial.